UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY BENDER,

        Petitioner,

v.    Case No.   6:24-cv-1604-JSS-EJK

SECRETARY, DEPARTMENT OF
CORRECTIONS,

        Respondent.
_____/

## ORDER

Petitioner Gregory Bender filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Petition, Dkt. 1), a Motion for an Evidentiary Hearing (Dkt. 2), and a Motion to Stay (Dkt. 3).  The Petition, which alleges four grounds for relief that contain approximately sixteen subparts, indicates that (1) Petitioner's conviction for first degree murder was affirmed by the Florida Fifth District Court of Appeal (Fifth DCA) on April 14, 2023,[1] (2) Petitioner filed a state habeas petition on May 13, 2024, that is pending in the Fifth DCA,[2] and (3) Petitioner intends to file a state motion for post-conviction relief.  (Dkt. 1 at 1–5.)

---

[1] Petitioner's conviction was affirmed by the Fifth DCA on April 14, 2023.  *See Bender v. State*, 359 So. 3d 429, 435 (Fla. 5th DCA 2023).
[2] The court takes judicial notice that the Fifth DCA's electronic case management system reflects that Petitioner's state habeas petition remains pending.  *See* https://acis.flcourts.gov, *Bender v. State,* Case No. 5D2024-1332; *see also See Universal Express, Inc. v. U.S. S.E.C.,* 177 F. App'x 52, 53 (11th Cir. 2006) (explaining that a district court may take judicial notice of public records).

1

Petitioner requests the court to stay this action until his state collateral proceedings conclude and he has exhausted his state remedies. (Dkt. 3 at 1–4.) To support his request, Petitioner notes that a prison law clerk advised him that he has one day remaining to timely initiate his federal habeas action, and he wants to ensure it is timely filed. (*Id.*)

"[T]he Supreme Court has held that, except in limited circumstances, district courts must dismiss § 2254 petitions without prejudice until the petitioner has fully exhausted his state postconviction remedies with respect to each of his asserted claims for relief." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1214–15 (11th Cir. 2014) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982) for the proposition that district courts generally must dismiss a § 2254 petition without prejudice if the petitioner has not exhausted his state postconviction remedies). In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Supreme Court set forth the law explaining when a district court should grant a motion to stay a mixed petition for writ of habeas corpus:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

The Supreme Court adopted the "stay and abeyance procedure" to lessen the risk faced by "petitioners who come to federal court with 'mixed' petitions[,] . . . of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

Here, the Petition is mixed. Further, Petitioner has demonstrated good cause for his failure to exhaust because he is proceeding pro se, his unexhausted claims are

2

potentially meritorious, and there is no indication that he has engaged in intentionally dilatory litigation tactics at this juncture.[3]  Consequently, the instant case will be stayed.

Accordingly:

1. Petitioner's Motion to Stay (Dkt. 3) is **GRANTED** as follows:

   a. This case is **STAYED** pending final resolution of Petitioner's state collateral proceedings.

   b. Petitioner must file a motion to reopen within **THIRTY (30) DAYS** after a final decision is rendered on his state post-conviction motion.  Failure to do so will result in the dismissal of this action without further notice.

   c. Petitioner shall file a "Notice Regarding Status of the Case" addressing the status of his state collateral proceedings within **NINETY (90) DAYS** of the date of this Order, and every **NINETY (90) DAYS** thereafter until the case is reopened.  If Petitioner does not timely file these required notices, this case will be dismissed without further warning.

---

[3] Petitioner will be required to file status reports regarding his state habeas petition and post-conviction proceeding.  Considering that the Petition sets forth the grounds Petitioner intends to raise in his state post-conviction motion, Petitioner is warned that the failure to expeditiously file a state post-conviction motion may result in the court concluding that Petitioner has engaged in intentionally dilatory litigation tactics and rescinding the stay and dismissing this case.

2. Petitioner's Motion for Evidentiary Hearing (Dkt. 2) is **DENIED without prejudice** as the motion is premature.

3. The Clerk of Court is directed to administratively **CLOSE** this case.

**ORDERED** in Orlando, Florida on October 18, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party